**Opinion issued August 15, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00509-CR

_____

**VICTOR KEITH WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 95CR0904**

## MEMORANDUM OPINION

Appellant, Victor Keith Wilson, was convicted of murder, and was sentenced to 35 years' imprisonment. On appeal, we affirmed the trial court's judgment in an unpublished opinion. *See Wilson v. State*, No. 01-97-00601-CR, 1999 WL 548641, at *1 (Tex. App.—Houston [1st Dist.] July 29, 1999, pet. ref'd) (not designated for

publication). Appellant later filed a post-conviction motion for forensic DNA testing. *See* TEX. CODE. CRIM. PROC. art. 64.01(a–1). The trial court denied the motion. *See id.* art. 64.03(a). Appellant timely filed a notice of appeal. *See id.* art. 64.05.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that he mailed a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel certified that he sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). This Court granted appellant's pro se

motion to access the appellate record and a copy of the record was sent to appellant. *See id.* Appellant filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Attorney Mark W. Stevens must

---

[1]     Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Landau, and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).